UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BUTLER, | No. 2:19-cv-2309 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges a prison disciplinary imposed in 2016. On January 27, 2020, respondent filed a motion to dismiss this action on the grounds that habeas jurisdiction is lacking, and it was filed beyond the one-year statute of limitations. 28 U.S.C. § 2244(d). Petitioner did not file an opposition to the motion. On March 5, 2020, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion. Petitioner did not respond and has not filed an opposition to the motion.

The undersigned recommends that respondent's motion be granted.

Governing Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

Background

Petitioner was convicted of first degree murder and sentenced to 25 years-to-life plus two years.  (ECF No. 9-1 at 3.)

On May 7, 2016, petitioner was found guilty of battery on an inmate.  (ECF No. 1 at 123; 113-28.)  Petitioner's administrative appeal challenging the prison disciplinary decision was denied on May 16, 2017.  (ECF No. 1 at 191.)

Petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court on February 15, 2018.[1]  (ECF No. 9-1 at 54.)  The Solano County Superior Court denied the petition on June 18, 2018.  (ECF No. at 176-77.)  On October 15, 2018, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District.  (ECF No. 9-1 at 56-110.)  The state appellate court denied the petition without comment on November 1, 2018.  (ECF No. 1 at 178.)  On May 28, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (ECF No. 9-1 at 112-88.)  The California Supreme Court denied the petition on September 11, 2019.  (ECF No. 1 at 179.)

Petitioner signed the instant petition on November 12, 2019.  (ECF No. 1 at 6.)

Discussion

  1. Lack of Habeas Jurisdiction

Respondent argues that the court lacks jurisdiction over the petition.

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement."  Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation

---

[1] Prisoners are given the benefit of the mailbox rule by using the date set forth on the proof of service accompanying the filing.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).  Because proof of service for petitioner's state court filings were not available, the court gives petitioner the benefit of the mailbox rule by using the date petitioner signed the pleading.

omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973). When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). Further, if a claim does not lie at "the core of habeas corpus," then "it may not be brought in habeas corpus." Nettles, 830 F.3d at 931, 934 (citation omitted). Such claim may only be brought under 42 U.S.C. § 1983. Id. at 931.

The undersigned agrees with respondent. Because petitioner was sentenced to an indeterminate sentence of 25 years-to-life, petitioner may only be released from prison if the Board of Parole Hearings and Governor independently conclude petitioner no longer poses a threat to public safety. See Cal. Penal Code § 3041(b); In re Lawrence, 44 Cal. 4th 1181, 1212 (2008). Thus, expunging a prison disciplinary and ordering the restoration of any lost credits will not definitively impact the fact or duration of petitioner's confinement. Put another way, success on the claims raised in the instant petition would not necessarily shorten petitioner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

If appropriate, a district court may convert a habeas petition into a civil rights complaint. Nettles, 830 F.3d at 935-36. However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, petitioner has not named the proper individual as a defendant. See, e.g., Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Moreover, the filing fee for a habeas petition is $5.00, but for civil rights cases the fee is $400.00. Under the Prison Litigation Reform Act the prisoner proceeding with a civil rights case is required to pay $350.00, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust

account.  See 28 U.S.C. § 1915(b)(1).  Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.  Based on such differences between habeas and civil rights cases, the court declines to convert the petition.

Therefore, the undersigned recommends that the motion to dismiss be granted, and this action be dismissed without prejudice.

2. <u>Barred by Statute of Limitations</u>

Because the court does not have habeas jurisdiction over petitioner's claims, the undersigned declines to reach respondent's alternative argument.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2020

/butl2309.mtd.lj

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE